PROST, Circuit Judge,
dissenting.
According to the majority, “[t]he lengthy period of condonation of [Mr. Crane’s] outside business, and the conceded lack of warning that it was disapproved, leave the penalty of ‘firing’ without support by substantial evidence.” Maj. Op. at-. Mr. Crane, however, was not terminated for operating an outside business; Mr. Crane was terminated for misusing government resources. As such, the fact that the Air Force condoned Mr. Crane’s outside business is irrelevant to this appeal. What is relevant is that the record is devoid of any evidence the Air Force ever condoned Mr. Crane’s use of government resources in his outside business. Accordingly, I respectfully dissent.
What the record does show is that Mr. Crane constructed a prototype concrete barrier using government equipment and materials and that he used the prototype in a proposal to the Las Vegas Motor Speedway. To the extent Mr. Crane’s supervisor approved the construction of the prototype, it was to see if the “wing leadership” would “buy off” on the new design. However, Mr. Crane failed to submit the appropriate documentation to the Air Force. Instead, he went ahead and constructed his prototype using government equipment and materials, stamped it with the letters “LVMS,” used it in a proposal to the Las Vegas Motor Speedway (which just so happens to have the initials “LVMS”), never submitted the completed prototype to the anyone in his chain-of-command, and then had it destroyed once he learned the Air Force was investigating him for misusing government property. Under these circumstances, a warning that this type of activity was inappropriate is not necessary. Mr. Crane should have known better. Moreover, his unauthorized destruction of the barrier, initial refusal to explain the meaning of the initials “LVMS” to his superior, and dubious subsequent explanation of their meaning demonstrate that Mr. Crane did know better. This court reviews an agency’s decision as to the appropriateness of a penalty with great deference, deferring to the agency unless the penalty amounts to an abuse of discretion. Brook v. Corrado, 999 F.2d 523, 528 (Fed.Cir.1993). The circumstances of this case clearly do not warrant withholding that deference. Simply put, the conclusion that Mr. Crane misused government equipment, materials, and premises was supported by substantial evidence, and his termination was not an abuse of discretion. Accordingly, the decision of the Merit Systems Protection Board should be affirmed in its entirety.